**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TYRON COMBS AND COMBS TRUCKING, LLC,** | : | **CIVIL ACTION** |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | **NO. 25-6539** |
| **SID HARVEY INDUSTRIES, INC.,** | : | |
| | : | |
| Defendants. | : | |

**Perez, J.**                                                                                           **July 6, 2026**

**MEMORANDUM**

This case comes before the Court due to Plaintiffs' delays in responding to Defendant's written discovery requests. Specifically, Plaintiffs neglected to respond to Defendant's requests for admission (RFAs) until 52 days after the deadline clearly set forth in Rule 36 of the Federal Rules of Civil Procedure. After Defendant informed Plaintiffs it would treat the RFAs as admitted, Plaintiffs served their responses, and three days later, they filed this motion to withdraw and amend their responses. Although Plaintiffs' delay was significant, deeming the matters admitted would hinder resolution of the merits of their claims. Moreover, beyond needing to prove the truth of the matters at trial, Defendant will not be prejudiced if Plaintiffs are permitted to amend most of their responses. For the responses that would require additional motions practice, however, Defendant will be prejudiced by withdrawal. Accordingly, the Court grants Plaintiffs' motion in part and denies it in part.

## I.    Background

### A.  Factual Background

According to the Complaint, Plaintiff Tyron Combs owns Combs Trucking, LLC, a business that provides carrier services. ECF No. 1 ¶¶ 1–2, 6. Combs Trucking allegedly had a

1

contract to provide carrier/cartage services for Forward Air, Inc. ("FAI") beginning on June 16, 2025. *Id.* ¶ 6. In July 2025, pursuant to the FAI contract, Plaintiffs made a delivery to Defendant Sid Harvey Industries, Inc. *Id.* ¶ 8. While there, Combs and Jenkins, a supervisory employee of Defendant, had a confrontation. *See id.* ¶¶ 9–22. Plaintiffs contend Jenkins made racist comments to Combs, became increasingly hostile, and told Combs he was going to call his boss and get him fired. *Id.* ¶¶ 18–23. For example, in trying to stop Combs, who is Black, from taking pictures of the delivery, Jenkins allegedly referenced a previous incident where, he stated, "a couple of nig . . . I mean people" took pictures of a business in a different location and then robbed it the next day. *Id.* ¶ 18.

Defendant contends Plaintiffs arrived at its property without providing notice (even though 48 hours' notice was required for deliveries), that Combs made hostile comments about Jenkins's wife and that it was Combs who "hurl[ed] inappropriate racial slurs in Mr. Jenkins' direction." ECF No. 21 at 2. Jenkins reported the confrontation to the company retained for the delivery, which passed on the information to FAI. *Id.* Following the confrontation, FAI terminated its contract with Combs Trucking. ECF No. 1 ¶ 28.

Plaintiffs raise a claim of racial discrimination under Section 1981, asserting FAI terminated its contract with Combs Trucking based solely on Jenkins's complaint. Plaintiffs contend Defendant, through Jenkins's actions, intentionally discriminated against them by interfering with their right to contract because of Combs's race. Plaintiffs also raise a common law intentional interference with contractual relations claim, arguing that Defendant, through Jenkins, intentionally interfered with Combs Trucking's FAI contract with the specific intent of causing Plaintiffs economic harm.

### B. Discovery

The parties held a Rule 26(f) Conference on February 10, 2026. *See* ECF No. 14 at 3. On February 25, Defendant served 51 RFAs on Plaintiff Tyron Combs and 42 RFAs on Plaintiff Combs Trucking. Pls.' Exs. A & B, ECF Nos. 19-3 & 19-4.[1] Thirty days from service was March 27, 2026.

On March 3, 2026, the Court held a Rule 16 scheduling conference with the parties and issued a scheduling order allowing 90 days for fact discovery, which ended on June 1, 2026. ECF No. 16. Upon uncontested motion by the plaintiff, the Court extended the fact discovery deadline to July 1, 2026. ECF No. 23.

On March 30, 2026, Defense counsel called Plaintiffs' counsel to remind them of their discovery obligations, and Plaintiffs' counsel promised the immediate production of the documentation supporting Plaintiffs' claims. *See* Derr Cert. ¶ 10, ECF No. 21-3 at 3; Def.'s Ex. I, ECF No. 21-12.[2] Plaintiffs did not immediately follow through with that promise. *Id.* On May 4, 2026, Defense counsel sent a deficiency letter to Plaintiffs asking the status of their discovery responses and providing a deadline of May 14, 2026 to respond to interrogatories and requests for production. Pls.' Ex. G, ECF No. 19-8 at 1–2. The letter also stated that the RFA's had been deemed admitted as of March 27. *Id.* at 1.

Plaintiffs responded to the RFAs on May 18, 2026—82 days after they were served and 52 days after the 30-day deadline set forth by Fed. R. Civ. P. 36(a)(3).[3] Pls.' Exs. D & E, ECF Nos.

---

[1] Plaintiffs' Exhibits cited herein refer to those attached to Plaintiffs' Motion to Withdraw Amend their Responses to RFAs ("RFA Mot.").

[2] Defendant's Exhibits cited herein refer to those attached to Defendant's Response in Opposition to the RFA Motion.

[3] Plaintiffs responded to Defendant's interrogatories on May 20, 2026. Derr Cert. Supp. Mot. Compel ¶ 6, ECF No. 29-4 at 2. On June 17, 2026, Defendant moved to compel Plaintiffs' production of documents. ECF No. 29. Plaintiffs contend they "have responded in full to Defendant's Interrogatories and . . . provided copies of all documents in their possession requested by Defendant. Following a status conference, the Court granted Defendant's motion to compel in part and ordered Plaintiffs to provide formal responses to Requests for Production and to supplement their production with tax returns and W-2s no later than July 1, 2026. 3d Am. Scheduling Order, ECF No. 35.

19-6 & 19-7. Combs denied 38 of the 51 RFAs directed to him, Pls.' Ex. D, ECF No. 19-6, and Combs Trucking denied 28 of the 42 RFAs directed to it, Pls.' Ex. E, ECF No. 19-7.

On May 21, 2026, Plaintiffs moved to withdraw the RFA responses ("RFA Motion") which, due to their failure to respond within 30 days, were deemed admitted by Federal Rule of Civil Procedure 36(a)(3). They seek to amend the withdrawn answers with those served on May 18 and attached to their RFA Motion.

To date, Plaintiffs have served no affirmative requests for written discovery. ECF No. 21 at 5. On June 24, 2026, Plaintiffs informed the Court they wish to take three depositions (one witness is an employee of Defendant, and two work for a third-party contractor) but that Defendant refuses to schedule the depositions without receiving full responses to discovery, ECF No. 32. In addition to written discovery served on Plaintiffs, Defendant has served two third-party subpoenas and produced the documents it received to Plaintiffs. *See* Def.'s Exs. G (subpoena to Forward Air), H (subpoena to Aeronet), ECF Nos. 21-10 & 21-11.

On June 24, 2026, at Plaintiffs' request, the Court held a status conference with the parties, where they discussed the delays in discovery and heard arguments related to the RFA Motion. The Court again extended the parties' deadlines, including a 60-day extension for fact discovery. ECF No. 35.

## II. Discussion

### A. Legal Standard

Rule 36 of the Federal Rules of Civil Procedure governs requests for admission. The purpose of Rule 36 is to narrow the issues for trial to those that are genuinely contested. *See Sec'y United States Dep't of Lab. v. Kwasny*, 853 F.3d 87, 91 (3d Cir. 2017) (citing Fed. R. Civ. P. 36(b)). If a party fails to respond within 30 days after being served RFAs, the RFAs are deemed admitted. Fed. R. Civ. P. 36(a)(3); *see also Gwynn v. City of Phila.*, 719 F.3d 295, 298 (3d Cir. 2013) ("Rule

36(a)(3) of the Federal Rules of Civil Procedure provides that a request for admission is deemed admitted if a party does not respond within 30 days.").

However, a court may allow a party to withdraw its admissions and amend its responses if: "(1) doing so 'would promote the presentation of the merits of the action'; and (2) 'the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.'" *Gwynn*, 719 F.3d at 298 (quoting Fed. R. Civ. P. 36(b)). Even if both elements are met, the Court is not required to allow withdrawal. *Kleckner v. Glover Trucking Corp.*, 103 F.R.D. 553, 557 (M.D. Pa. 1984). The language is permissive, and the court has discretion in considering such motions. *Id.* ("Because the language of the Rule is permissive, the Court is not required to make an exception to Rule 36 even if both the merits and prejudice issues cut in favor of the party seeking exception to the Rule." (cleaned up)); *see also Gwynn*, 719 F.3d at 298–99 (applying abuse of discretion standard to district court's decision to allow withdrawal of deemed admissions). Courts may also consider such factors as whether the moving party demonstrates good cause for the delay, but they are not required to do so. *Gwynn*, 719 F.3d at 298.

Plaintiffs seek to withdraw 66 admissions, which fall into two main categories with two additional miscellaneous requests: (1) Plaintiffs lack evidence (documentary or otherwise) of racial animus, discriminatory intent, or more broadly the reasons for the termination of the FAI contract (RFA Nos. 4, 5, 10–13, 16–22, 25–32, 34–38);[4] (2) other complaints about Combs to FAI (RFA No. 6); (3) prior litigation by Combs (RFA Nos. 7, 44–50); and (4) Combs received no medical treatment pertaining to the events in the Complaint (RFA No. 51). Plaintiffs provided substantive

---

[4] This Memorandum will refer to the RFA numbers in those served on Combs. *See* ECF No. 19-6. The RFAs in categories one and two were also served on Combs Trucking. *See* ECF No. 19-7. Those RFAs and Plaintiffs' proposed responses are identical in both.

responses to the first two categories and objected to the RFAs contained within the last two categories.

The Court will examine the two elements set forth in the rule—whether granting the motion would promote the presentation of the merits and whether it would prejudice Defendant's ability to defend itself on the merits—and consider how they apply to each the above categories. Then, it will address the other equitable considerations raised by the parties.

In sum, Plaintiffs' substantive denials would further the fact-finding mission of the litigation. Allowing withdrawal and amendment of the proposed substantive responses is consistent with the well settled Third Circuit preference for adjudicating cases on the merits whenever possible. *See Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982) (default judgment); *Ruckle v. Seaboard Elec. Co.*, No. 85-6118, 1986 WL 5920, at *1 (E.D. Pa. May 22, 1986) (citing *Farnese*, 687 F.2d at 764) (on a motion for summary judgment based on deemed admissions, explaining that "it is a very strong policy of this Circuit and the others that cases be decided on their merits whenever possible.").

By contrast, withdrawal of the RFAs to which Plaintiffs objected (categories 2 and 3) would not further the fact-finding mission of the litigation because Plaintiffs provided no factual responses. Moreover, because the Federal Rules of Evidence, which form the basis of Plaintiffs' objections, govern what is admissible at trial but not what information is discoverable, their responses would require further litigation by Defendant to obtain information to which it is entitled. For that reason, Defendant would be prejudiced if the Court permitted withdrawal and amendment of those admissions.

**B. Granting the Motion in Part Would Promote the Presentation of the Merits of the Case.**

**1. Categories One and Two: Lack of Evidence and Other Complaints**

With respect to the first two categories, upholding the admissions would interfere with Plaintiffs' ability to present the merits of their case. *See Gwynn*, 719 F.3d at 298–99. For example, RFA 10 sought an admission that Plaintiffs had "no evidence that Defendant made any false or malicious statements to FAI about Plaintiff," and RFA 11 asks Plaintiffs to admit they have "no documentary evidence that Defendant intentionally interfered with Plaintiff's alleged contractual relationship with FAI." ECF Nos. 19-6 at 5–6 & 19-7 at 4–6. However, Plaintiffs contend that they do have such evidence: Jenkins's own statement to Combs that he was going to contact FAI to get him fired and FAI's records of Jenkins's account of the confrontation. Defendant even contends that deeming RFA 11 admitted would be fatal to Plaintiffs' case. ECF No. 21 at 13. Foreclosing Plaintiffs' evidence contradicting the deemed admissions would certainly hinder their ability to present essential elements of their claims, both of which require intent.[5]

As another example, RFA 6 asked Plaintiffs to admit that FAI received complaints about Plaintiffs by parties other than Defendant or their employees. Plaintiffs have no knowledge of such complaints and FAI produced no documentation of them. Such an admission would create doubt as to the reason FAI terminated the contract, substantially affecting the viability of Plaintiffs' claims.

---

[5] *See Brown v. Philip Morris, Inc.*, 250 F.3d 789, 797 (3d Cir. 2001) ("[T]o state a claim under § 1981, a plaintiff must allege facts in support of the following elements: (1) that plaintiff is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute, which includes the right to make and enforce contracts." (cleaned up)); *Crivelli v. Gen. Motors Corp.*, 215 F.3d 386, 394 (3d Cir. 2000) ("Under Pennsylvania law, the elements of a cause of action for intentional interference with a contractual relation . . . are: (1) the existence of a contractual . . . relation between the complainant and a third party; (2) purposeful action on the part of the defendant, specifically intended to harm the existing relation . . . ; (3) the absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual legal damage as a result of the defendant's conduct.").

Defendant argues that Plaintiff has not produced record evidence establishing a conflict, so withdrawal is not appropriate. "To determine whether withdrawal or amendment promotes the presentation of the merits of the action, courts have 'generally sought to determine whether the admission is contrary to the record of the case.'" *Tenn. Gas Pipeline Co., L.L.C. v. Franklin*, No. 17-148, 2024 WL 4009636, at *6 (M.D. Pa. Aug. 30, 2024) (citation omitted). The question is whether the amended responses would facilitate discovery of the truth. *Romero v. Allstate Ins. Co.*, No. 01-3894, 2012 WL 13234627, at *1 n.1 (E.D. Pa. Oct. 25, 2012). Accordingly, courts may look to whether record evidence suggests the truth of the proposed amended responses. *Id.* However, Defendant served the RFAs before any discovery was conducted and before a record could be complete. True, Plaintiffs waited until after Defendant obtained evidence from third parties and then relied on that evidence in their responses, but except for the delay, that reliance is not against the rules.

To the extent Defendant argues Plaintiffs' denials are unsupported by the evidence, that argument can be made at a later stage. For instance, Defendant highlights RFA 5, which sought an admission that "Plaintiff does not possess any documents or communications setting forth any allegedly racist comments Plaintiff received from Defendant or any of Defendant's employees." ECF No. 19-6 at 2–3; ECF No. 19-7 at 2–3. Plaintiffs seek to deny this request because "[t]he comments were verbal and Plaintiff has possession of a written narrative of communications with Forward Air Inc. and Mr. Jenkins documenting Plaintiff's allegation that Mr. Jenkins equated Plaintiff with Black thieves who allegedly robbed Defendant's Pennsauken store whom Mr. Jenkins referred to as 'nig'; before he stopped himself and said 'people' instead." *Id.* The document is a summary of Jenkins's account of the altercation acknowledging he mentioned his business had previously been broken into by someone who cased the location and took pictures with his phone.

ECF No. 21 at 10. This leaves out what Plaintiffs contend to be the racist comment, which was that the person casing the place was Black. *Id.* However, Plaintiffs also attached an email summarizing a conversation with Combs, showing Combs did report Jenkins's use of a racial slur when discussing the people who cased and robbed the warehouse. ECF No. 19-11 at 1. There is a clear factual dispute, and Plaintiffs need not provide evidence to resolve that factual dispute in order to withdraw their RFAs.

Plaintiffs' proposed responses to the RFAs may not be artful or perfectly drafted, but that does not mean that refusing withdrawal entirely would help resolve the parties' dispute on the merits. It would not. Nor is there a requirement that a denial be supported by record evidence or that it cannot be based on the responding party's own perception of events.[6] *See* Fed. R. Civ. P. 36. At summary judgment and after discovery is complete, Defendant can argue that no record evidence exists to support elements of Plaintiffs' claims.

### 2. Categories Three and Four: Combs's Prior Litigation and Medical Treatment

The next two categories pertain to other cases in which Combs was a plaintiff and whether he sought medical treatment as a result of the facts underlying the Complaint. Rather than provide a substantive response, Combs objected to these RFAs, invoking Fed. R. Evid. 404. Whether an admission would be admissible at trial has no bearing on whether it is discoverable. *See* Fed. R. Civ. P. 26(b)(1); *Leventhal v. MandMarblestone Grp. LLC*, No. 18-2727, 2020 WL 6888226, at *1 (E.D. Pa. Nov. 24, 2020); *see also Miller ex rel. Miller v. Evenflo Co., Inc.*, No. 09-cv-108, 2010

---

[6] The Court notes a number of Plaintiffs' proposed responses are internally inconsistent in that they cite to RFAs, which they admitted as the factual bases for an attempted denial. *See* ECF No. 19-6 (Combs RFA Nos. 23 (admitting RFA), 25–31 and 34 (citing RFA 23 as basis for denial), 36 (citing RFA 34 as basis for denial), 38 (citing RFA 36 as basis for denial), 42 (citing RFA 38 as basis for denial)); ECF No. 19-7 (Combs Trucking RFA Nos. 23 (admitting RFA), 24–30 (citing RFA 23 as basis for denial). However, RFA Nos. 35 (citing RFA 34, which denies the RFA, as basis for denial), 37 (citing RFA 36, which denies the RFA, as basis for denial), 41 (citing RFA 38, which denies the RFA, as basis for denial)). The Court believes this is likely a clerical error and encourages the parties to meet and confer. If no resolution can be made, the Court will entertain an objection by Defendant.

WL 11566233, at *1 (W.D. Pa. May 6, 2010) ("The Federal Rules of Evidence do not govern the scope of discovery."). Generally, after receiving a response, "the requesting party may move to determine the sufficiency of an answer or objection." *Id.* (quoting Fed. R. Civ. P. 36(a)(6)). Interpreting Defendant's argument as challenging the objection, the Court finds that the information it sought was discoverable. Whether the evidence will be admissible at trial is a different question that can be determined later.

Additionally, Plaintiffs do not argue these RFAs go to the heart of their claims—indeed, their objections are based on the fact that they constitute improper character evidence as the facts relate to matters extraneous to the events underlying this action. Accordingly, whether or not Combs has previously retained the same counsel or engaged in litigation would not promote the presentation of the merits of the action. Nor would that information hinder Plaintiffs' ability to present the merits of their claims because they may raise an evidentiary objection when it is appropriate in these proceedings. Insofar as the admissions may bear on Plaintiffs' character or credibility, their admissibility for that purpose is a question for another day.

### C. Granting the Motion Will Not Prejudice Defendant.

Courts have defined prejudice under Rule 36 as relating "to the difficulty a party may face in proving its case because of the sudden need to obtain evidence required to prove the matter that had been admitted." *Vision Indus. Grp., Inc. v. Acu Plasmold, Inc.*, No. 18-6296, 2025 WL 3764994, at *2 (D.N.J. Dec. 30, 2025). That concern is not present here, especially because the Court has extended the discovery deadline to August.

Defendant argues that it made a tactical decision to produce the documents it received from Aeronet and FAI in response to its subpoenas, which it was not obligated to do, because it believed Plaintiffs could not use those documents to populate their answers. ECF No. 21 at 15. *Gwynn* rejected a similar argument from the requesting party where it contended it was prejudiced because

its litigation strategy was developed in reliance on the admissions that were later permitted to be withdrawn. 719 F.3d at 299. The Third Circuit explained that "[t]he prejudice contemplated by Rule 36(b) . . . is not simply that the party who obtained the admission now has to convince the jury of its truth. Something more is required." *Id.* That reasoning is applicable here. Although Defendant relied on the binding nature of the deemed admissions when it turned over documents it received, that does not establish the prejudice contemplated by Rule 36(b). This is especially so when Defendant seemingly intends to rely on those very documents to disprove its liability. *See* ECF No. 21 at 4 (citing Fed. R. Civ. P. 26(a)(1)(A)(ii), which requires parties to produce copies of all documents in their possession, custody, or control that they may use in support of their defenses). Defendant made a tactical decision to turn over the documents when it sent the deficiency letter on May 14, 2026. The Court cannot unwind the clock and change that decision or Plaintiffs' reliance on those documents in belatedly answering the RFAs. However, merely creating a situation where Defendant now has to prove the truth of the information sought in the RFAs through other evidence is not the kind of prejudice contemplated by Rule 36. *Gwynn*, 719 F.3d at 299. Rule 36 is intended to be a tool for narrowing the issues for trial to those that are actually disputed. *Langer v. Monarch Life Ins. Co.*, 966 F.2d 786, 803 (3d Cir. 1992). That is why RFA's are typically served late in discovery or even after discovery is complete, when there is a record on which to base a party's responses. *See id.* The Rule is not intended to dispose of issues that clearly remain in dispute. *See id.*

The Court recognizes that Defendant has been unable to schedule Plaintiffs' depositions due to Plaintiffs' delays in responding to discovery, and it agrees that Plaintiffs' counsel has not diligently pursued discovery in this matter. *Id.* at 16. The prejudice Defendant identifies, however, has been cured by the discovery deadline extension.

11

### D. Granting the Motion is Warranted Considering Other Factors.

The Court does not condone Plaintiffs' failures to propound discovery in a timely manner. Plaintiffs' responses to the RFAs were 52 days late; their responses to other written discovery were late, requiring Defendant to file and this Court to resolve a motion to compel; they have sought and received three deadline extensions; and all of this is true despite Defense counsel's reminders to Plaintiffs' counsel of the deadlines. In deciding whether to allow withdrawal of RFA responses, Courts may consider factors in addition to those explicitly listed in Rule 36, such as whether the moving party can show good cause for the delay, but they are not required to do so." *Gwynn*, 719 F.3d at 298 (citations omitted).

Plaintiffs' counsel attributes his failure to timely respond to written discovery to his "pure[] inadvertence," his obligations in other matters, and to his health concerns. Inadvertence and a heavy case load do not excuse missed deadlines. However, given the serious health issues Plaintiffs' counsel has suffered beginning in the fall of 2025 and continuing into the present, the Court finds that allowing amendment of the RFAs along with an extension of deadlines is the equitable result. This will allow the parties to fully engage in the fact-finding discovery process and best serve reaching a resolution of this case on its merits.

## III.    Conclusion

For the foregoing reasons, the Court grants in part Plaintiffs' RFA Motion. An appropriate Order follows.